**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| Beta Music Group, Inc. and | Case No. 21-12199-SMG |
| Get Credit Healthy, Inc., | Case No. 21-12201-SMG |
| | (Jointly Administered) |
| Debtors. | |
| _____/ | |

**APPLICATION BY DEBTORS FOR EMPLOYMENT OF LOCKETT + HORWITZ**
**AS SPECIAL COUNSEL EFFECTIVE AS OF THE PETITION DATE**

Beta Music Group, Inc. and Get Credit Healthy, Inc. (collectively, the "Debtors"), respectfully apply (the "Application") for the entry an order of the Court authorizing the employment of Jessica M. Lockett, Esq. and the firm of Lockett +Horwitz (collectively, the "Firm") to represent the Debtors in these chapter 11 cases as special counsel effective as of the Petition Date pursuant to 11 U.S.C. § 327(e).  In support of the Application, the Debtors state as follows:

1. On March 5, 2021 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

2. The Debtors remain in possession and are operating their business pursuant to 11 U.S.C. §§ 1106, 1182, and 1184.

3. On March 6, 2021, the Court entered the *Order Jointly Administering Chapter 11 Cases* [ECF No. 4].

4. Prior to the Petition Date, the Debtors employed the Firm as corporate and securities counsel in connection with various corporate and compliance matters relating to the Securities and Exchange Commission (the "SEC") and OTC Markets.

1

5. As of the Petition Date, the Firm was owed $3,172.50 in fees and costs in connection with the pre-petition representation of the Debtors.

6. The Debtors believe the Firm should continue to represent the Debtors given the Firm's prior representation and familiarity with the Debtors, as well as the Firm's skills, and experience.

7. The Debtors will require the Firm to (i) advise the Debtors regarding various corporate issues; (ii) advise the Debtors with compliance and other matters relating to the SEC and OTC Markets; and (iii) and advise the Debtors regarding a possible sale regarding the assets of Beta Music Group, Inc.

8. Given the pre-bankruptcy relationship between the Debtors and matters referenced above, the Debtors desire to employ the Firm as its special corporate and securities counsel in this case under section 327(e) of the Bankruptcy Code.

9. The Firm is qualified to advise the Debtors on corporate and securities matters and has indicated a willingness to act on behalf of the Debtors, on the terms described herein, and to subject itself to the jurisdiction of the Court.

10. The Debtors propose to compensate the Firm on an hourly basis on the terms set forth in the engagement agreement[1] attached hereto as **Exhibit "A."** The Debtors anticipate a sale of BEMG's assets that will generate funds sufficient to pay the Firm's fees and expenses.

11. The Firm is aware that it will be required to submit fee applications to the Court in compliance with the *Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases* and, and obtain approval of such applications prior to receiving payment for fees and expenses, and that the terms of the attached engagement letter regarding the timing of

---

[1] The Firm changed its name from Horwitz + Armstrong to Lockett + Horwitz in January 2021.

2

payment and allowable reimbursements are subject to the requirement to file fee applications and approval of such applications. Further, the Firm understands that all payments are subject to the review and approval by this Court.

12. Attached hereto as **Exhibit "B"** is the Declaration of Jessica Lockett (the "<u>Declaration</u>") providing the disclosures required by Fed. R. Bankr. P. 2014.

13. The Firm holds no adverse interest to the Debtors or to the estates with respect to the matters on which the Firm is being employed.

14. Subject to the foregoing and to the best of the Debtors' knowledge, neither the Firm or its attorneys have any connection with the creditors or other parties in interest or their respective attorneys.

**WHEREFORE**, the Debtors respectfully request entry of an order in each of the above-captioned cases (a) approving the Application; (b) authorizing the retention of Ms. Lockett and the firm of Lockett + Horwitz as special corporate and securities counsel pursuant to 11 U.S.C. §§ 327(e) and 330 effective as of the Petition Date; and (c) granting such other and further relief as appropriate under the circumstances.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on April 22, 2021.

**MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.**
*Counsel for the Debtors*
101 NE Third Avenue, Suite 1210
Fort Lauderdale, Florida 33301
T: 954.767.0030 // F: 954.767.0035

-and-

9130 S. Dadeland Blvd., Suite 1800
Miami, FL 33156
T: 305.670.5000 //F: 305.670.5011


By*: /s/ Grace E. Robson*
      GRACE E. ROBSON
      Florida Bar No. 0178063
      ALAN R. ROSENBERG
      Florida Bar No. 92004

# **EXHIBIT A**

(Engagement Letter)

# HORWITZ + ARMSTRONG

A PROFESSIONAL LAW CORPORATION
14 Orchard, Suite 200
Lake Forest, California 92630
Telephone (949) 540-6540
Facsimile (949) 540-6578

July 2, 2020

## ATTORNEY-CLIENT FEE AGREEMENT

**Horwitz + Armstrong, A Professional Law Corporation** ("Attorney") and **Beta Music Group, Inc.** ("Client") hereby agree that Attorney will provide legal services to Client on the terms set forth below.

**1. CONDITIONS.** This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement and pays the initial **deposit called for under Paragraph 4**.

**2. SCOPE OF SERVICES AND ATTORNEY'S DUTIES.** Client hires Attorney to provide legal services in the following matter: **General Business Representation**. Attorney will provide those legal services reasonably required to represent Client. Attorney will take reasonable steps to keep Client informed of progress and to respond to Client's inquiries. This Agreement does not cover litigation services of any kind, whether in court, arbitration, administrative hearings, or government agency hearings. A separate written agreement for these services or services in any other matter not described above will be required.

**3. CLIENT'S DUTIES.** Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information or developments which may come to Client's attention, to abide by this Agreement, to pay Attorney's bills on time, and to keep Attorney advised of Client's address, telephone number and whereabouts. Client will assist Attorney by timely providing necessary information and documents and will appear at all legal proceedings, if any.

**4. DEPOSIT.** Client agrees to pay Attorney an initial, refundable deposit of **$5,000.00** upon execution of this Agreement. Client authorizes Attorney to use any funds paid to Attorney to pay any fees or other charges Attorney incurs for Client's benefit. Payments from the deposit will be used to pay costs and fees as they are incurred by Client and upon remittance to client of a billing statement. Client shall be refunded that portion of the deposit remaining after Attorney is reimbursed for costs, fees and expenses incurred on Client's behalf.

**5. LEGAL FEES AND BILLING PRACTICES.** Client agrees to pay by the hour at Attorney's rates as set forth below for all time spent on Client's matter by Attorney and Attorney's legal personnel. Current hourly rates for legal personnel are as follows:

| | |
|---|---|
| Partners | $425.00/hour |
| Senior Associates | $300.00/hour |
| Associates | $225.00/hour |
| Paralegals | $110.00/hour |
| Law Clerks | $100.00/hour |

The rates on this schedule are subject to change on 30 days written notice to Client. The time charged will include all time Attorney spends on Client's matter. Time is charged in minimum units of one-tenth (.1) of an hour.

**6. COSTS AND OTHER CHARGES**

(a) Attorney will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs in addition to the hourly fees. The costs and expenses commonly include notary fees, long distance telephone charges, messenger and other delivery fees, photocopying and other reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, and/or other similar items. The foregoing external costs and expenses will be charged at Attorney's cost.

(b)     Out-of-town travel. Client agrees to pay transportation, meals, lodging and all other costs of any necessary out-of-town travel by Attorney and Attorney's personnel. Client will also be charged the hourly rates for the time legal personnel spend traveling.

(c)     Experts, Consultants and Investigators. To aid in the preparation or presentation of Client's case, it may become necessary to hire expert witnesses, consultants or investigators. Client agrees to pay such fees and charges. Attorney will select any expert witnesses, consultants or investigators to be hired, and Client will be informed of persons chosen and their charges.

7.      **BILLING STATEMENTS.** Attorney will send Client monthly billing statements for fees and costs incurred. Each statement will be payable within ten (10) days of its mailing date. A late payment charge of 10% on the past due amount will apply to compensate Attorney for the anticipated costs imposed on Attorney. The statements will include the amount, rate, basis for calculation, or other method of determination of the fees and costs, which costs will be clearly identified by item and amount.

8.      **LIEN.** Client hereby grants Attorney a lien on any and all claims, causes of action, payments, proceeds or property that relate to, arise from or that are the subject of Attorney's representation under this Agreement. Attorney's lien will be for any sums owing to Attorney for any sums owing to Attorney at the conclusion of services performed. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise. An effect of such a lien is that Attorney may be able to compel payment of fees and costs from any such funds recovered on behalf of Client even if Attorney has been discharged before the end of the case. Because a lien may affect Client's property rights, Client may seek the advice of an independent lawyer of Client's own choice before agreeing to such a lien. **By initialing this paragraph, Client represents and agrees that Client has had a reasonable opportunity to consult such an independent lawyer and—whether or not Client has chosen to consult such an independent lawyer—Client agrees that Attorney will have a lien as specified above.**

_____ (Client initials here)        LH \_\_\_\_\_ (Attorney initials here)

9.      **DISCHARGE AND WITHDRAWAL.** Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause or if permitted under the Rules of Professional Conduct of the State Bar of California and/or applicable law. Among the circumstances under which Attorney may withdraw are: (a) with the consent of Client; (b) Client's conduct renders it unreasonably difficult for the Attorney to carry out the employment effectively; and/or (c) Client fails to pay Attorney's fees or costs as required by this Agreement. Notwithstanding the discharge, Client will remain obligated to pay Attorney at the agreed rates for all services provided and to reimburse Attorney for all costs advanced.

10.     **DISCLAIMER OF GUARANTEE AND ESTIMATES; INDEMNITY.** Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of the matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of the matter are expressions of opinion only. Any estimate of fees given by Attorney shall not be a guarantee. Actual fees may vary from estimates given. Client agrees to indemnify and hold Attorney harmless for all associated legal fees, costs, and expenses in the event claims are made against Attorney by third parties arising from or related to our representation of Client other than for claims proven to be caused by Attorney's willful misconduct or Attorney's sole negligence.

11.     **ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

12.     **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

13.     **MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them.

14.     **EFFECTIVE DATE.** This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of this Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

15. **CHOICE OF LAW AND VENUE; MUTUAL WAIVER OF RIGHT TO JURY TRIAL IN FAVOR OF ARBITRATION.** This Agreement shall be governed under and interpreted by California law, and any disputes arising from or related to this Agreement shall be resolved in Orange County, California. The parties agree that, before litigating any dispute that may arise between them, the parties will work together to amicably resolve their disputes informally, and if they cannot do this themselves, before arbitration or litigation, the parties will share the costs of using a fair and impartial mediator to help the parties' dispute. **If mediation does not resolve the dispute, then the parties agree to waive their respective rights to trial by jury and agree that any and all disputes arising from or related to this Agreement will be resolved through binding arbitration by a single arbitrator.** Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in JAMS' Orange County Office, presently in Orange, California. The arbitration shall be administered by JAMS under its Comprehensive Arbitration Rules and Procedures and in accordance with JAMS' Streamlined Arbitration Rules and Procedures. Judgment on the Award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction, which jurisdiction shall be the Orange County Superior Court. In the event of arbitral proceedings, each party to this Agreement shall have the right to appellate review of any arbitration award regarding errors of law made in the arbitral proceedings. Notwithstanding the foregoing, Client shall have and maintains the right to fee arbitration before the Orange County Bar Association to resolve any dispute regarding fees, costs, or charges with Attorney.

_____ (Client initials here)      LH _____ (Attorney initials here)

**Payments may be made per the following wire instructions:**

***WIRE INSTRUCTIONS (Citibank OPER Account)***
Beneficiary: **HORWITZ + ARMSTRONG,**
A PROFESSIONAL LAW CORPORATION
Beneficiary Account: 207460429
ABA #: 322271724
SWIFT CODE: CITIUS33
Beneficiary Bank: **Citibank, N.A.**
Beneficiary Bank's Address: **23562 El Toro Road
Lake Forest, CA 92630**
Beneficiary Bank Phone: **(949) 238-2679**

[Signatures on following page]

3

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT WILL RECEIVE A FULLY EXECUTED COPY OF THIS AGREEMENT.

DATED: _____

Beta Music Group, Inc.

By: _____
Elizabeth Karowski, CEO

Address: 8411 West Oakland Park Blvd. Suite 200
Sunrise, FL 33351
Telephone: 312-420-2121
E-mail Address: ek@getcredithealthy.com

DATED: July 2, 2020

HORWITZ + ARMSTRONG
A Professional Law Corporation

By: _____
Lawrence W. Horwitz, Esq. as duly authorized agent with authority to bind Horwitz + Armstrong, A Professional Law Corporation

**Signature:** _____

**Email:** ek@getcredithealthy.com

4

# **EXHIBIT B**

(Declaration of Jessica Lockett)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

Beta Music Group, Inc. and
Get Credit Healthy, Inc.,

Debtors.
_____/

Chapter 11

Case No. 21-12199-SMG
Case No. 21-12201-SMG
(Jointly Administered)

### DECLARATION OF JESSICA M. LOCKETT
### IN SUPPORT OF APPLICATION BY DEBTORS FOR EMPLOYMENT OF
### LOCKETT + HORWITZ EFFECTIVE AS OF THE PETITION DATE

1. I am Jessica Lockett. I am a partner at Lockett + Horwitz (the "Firm"). The Firm maintains offices at 14 Orchard, Suite 200, Lake Forest, CA 92630. I am familiar with the matters set forth herein and make this declaration in support of the application to retain the Firm (the "Application") filed by Beta Music Group, Inc. and Get Credit Healthy, Inc. (collectively, the "Debtors").

2. I am a licensed attorney and admitted to practice law in the State of California.

3. This declaration is prepared pursuant to Fed. R. Bankr. P. 2014(a) to identify the Firm's connections with the Debtors, the Debtors' creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

4. After conducting a review of the Firm's records, the creditor matrixes, and list of equity security holders filed by the Debtors, and to the best of my knowledge and belief, neither I nor the Firm represent any entity in a matter that would constitute a conflict of interest.

5. To the best of my knowledge after inquiry, neither I nor the Firm have any connections with the Debtors, the Debtors' creditors, any other party in interest, their respective attorneys and

1

accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as otherwise provided herein:

    A.    **Debtors**: The Firm was retained on or about July 21, 2020 to represent the Debtors' interests in compliance and regulatory matters with the Securities Exchange Commission and the OTC Markets.

    B.    **Creditors**: None.

    C.    **Other Parties in Interest**: None.

1. Prior to the Debtors filing for bankruptcy, on March 5, 2021, the Firm received payment from Elizabeth Karwowski for pre-petition services in the amount of $8,000.00.

    D.    **United States Trustee**: None.

2. As of the Petition Date, the Debtors owe the Firm the balance of $3,172.50.

3. Except for the continuing representation of the Debtors, neither I nor the Firm has or will represent any other entity in connection with these cases.

4. Neither I nor the Firm will accept any fee from any other party or parties in these cases unless otherwise authorized by the Court.

5. The Debtors will pay said fees and expenses, subject to the Court's review and approval. The Firm's hourly rates are as follows: $450.00 for partners/of counsel, $300.00 for associates, and $130.00 for paralegals.

6. The Firm is aware that it will be required to submit fee applications to the Court in compliance with the *Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases*, and to obtain approval of such applications prior to receiving payment for fees and expenses, and that the terms of the attached engagement letter regarding the timing of payment are subject to the foregoing fee applications and approval of such applications. Further, the Firm understands that all payments are subject to review by this Court.

2

7. There is no agreement of any nature, other than amongst members of the Firm, as to the sharing of compensation to be paid to the Firm. No promises have been received by the Firm or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and as disclosed herein.

8. No attorney in the Firm is or has served as an officer, director or employee of the Debtors within two years of the Debtors filing for bankruptcy.

9. No attorney in the Firm is in control of the Debtors or is a relative of a general partner, director, officer or person in control of the Debtors.

10. No attorney in the Firm is a general or limited partner of a partnership in which either of the Debtors is also a general or limited partner.

11. No attorney in the Firm is or has served as an officer, director or employee or financial advisor engaged by the Debtors in connection with the offer, sale, or issuance of a security of the Debtors within two years of the Debtors filing for bankruptcy.

12. No attorney in the Firm has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years of the Debtors filing for bankruptcy.

13. No attorney in the Firm has any other interest, direct or indirect, that may be affected by the proposed representation.

14. Other than the amounts owed to the Firm noted above, neither the Firm nor any attorney employed by the Firm holds an adverse interest to the Debtors or the Debtors' estates.

15. This concludes my declaration.

4

## 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 20, 2021.

_____
Jessica M. Lockett